# Exhibit D

The Bondi Memo



**Office of the Attorney General**
**Washington, D. C. 20530**

February 5, 2025

MEMORANDUM FOR ALL DEPARTMENT EMPLOYEES

FROM:             THE ATTORNEY GENERAL

SUBJECT:          SANCTUARY JURISDICTION DIRECTIVES[1]

Unlawful border crossings and illegal migration into the United States have reached record levels, resulting in a substantial and unacceptable threat to our national security and public safety. To protect the American people from the effects of unlawful mass migration, President Trump has prioritized securing our Nation's borders and enforcing federal immigration laws. In furtherance of that objective, the Department of Justice will ensure that, consistent with law, "sanctuary jurisdictions" do not receive access to Federal funds from the Department. Consistent with applicable statutes, regulations, court orders, and terms, the Department of Justice shall pause the distribution of all funds until a review has been completed, terminate any agreements that are in violation of law or are the source of waste, fraud, or abuse, and initiate clawback or recoupment procedures, where appropriate.[2] In carrying out this directive, each component shall comply with any notice and procedural requirements in the award, agreement, or other instrument.

> I.  **End Funding to State and Local Jurisdictions That Unlawfully Interfere with Federal Law Enforcement Operations**

Sanctuary jurisdictions should not receive access to federal grants administered by the Department of Justice. The Department will exercise its own authority to impose any conditions of funding that do not violate applicable constitutional or statutory limitations. *See New York v. Dep't of Justice*, 951 F.3d 84, 111 (2d Cir. 2020) ("Because 8 U.S.C. § 1373 is a law applicable to all plaintiffs in this action, the Attorney General was authorized to impose the challenged Certification Condition and did not violate either the APA or separation of powers by doing so.").

Federal law provides that state and local jurisdictions "may not prohibit, or in any way restrict, any government entity or official from sending to, or receiving from, [federal immigration officers] information regarding the citizenship or immigration status, lawful or unlawful, of any

---

[1] This guidance is not intended to, does not, and may not be relied upon to create, any right or benefit, substantive or procedural, enforceable at law or in equity by any party against the United States, its departments, agencies, or entities, its officers, employees, or agents, or any other person.

[2] This memorandum rescinds, effective today, any inconsistent previous memoranda, policies, or guidance documents of the Department of Justice.

individual." 8 U.S.C. § 1373(a). So-called "sanctuary jurisdictions" include state or local jurisdictions that refuse to comply with 8 U.S.C. § 1373, refuse to certify compliance with § 1373, or willfully fail to comply with other applicable federal immigration laws. Consistent with statutory authority and past practice, the Department will require any jurisdiction that applies for certain Department grants to be compliant with 8 U.S.C. § 1373(a). Within 30 days, the Associate Attorney General, in coordination with components that provide Department grants, will report to the Attorney General the grants to which this requirement applies.

Additionally, to the extent consistent with applicable statutes, regulations, and terms, the Department may seek to tailor future grants to promote a lawful system of immigration, and to reduce efforts by state or local jurisdictions to undermine a lawful system of immigration. The Department will also seek to take any appropriate enforcement action where state or local practices violate federal laws, regulations, or grant conditions.

## II. Identify and Evaluate All Funding Agreements with Non-Governmental Organizations That Provide Support to Illegal Aliens

All Department components that provide federal funding to non-governmental organizations shall immediately identify all contracts, grants, or other agreements with organizations that support or provide services to removable or illegal aliens. For any such agreement, each component shall, to the extent consistent with applicable statutes, regulations, court orders, and terms:

(1) Pause any further distribution of funds for 60 days after complying with any notice and procedural requirements.

(2) Identify non-governmental organization(s) receiving funding from the Department and describe the support or services provided. The component shall direct each organization to report whether the disbursed funds: (a) were provided in accordance with applicable laws; (b) resulted in the provision of any funds or services to removable or illegal aliens; (c) resulted in or were the subject of waste, fraud, or abuse; and (d) promoted or facilitated violations of our immigration laws. The component shall further direct each organization to certify that it will not use any remaining funds to promote or facilitate the violation of Federal immigration law.

(3) Compile information set forth at (2) above and submit it to the Associate Attorney General within 45 days of this memorandum.

Upon completion of this process, the Associate Attorney General, in consultation with the Deputy Attorney General, shall determine which (if any) agreements to terminate and whether to resume funding of any remaining agreements, consistent with applicable statutes, regulations, and terms.

Effective immediately, consistent with applicable law, the Department of Justice shall not enter into any new contract, grant, or other agreement to provide Federal funding to non-

governmental organizations that support or provide services, either directly or indirectly (*e.g.*, through sub-contracting or other arrangements), to removable or illegal aliens.

### III. Pursue Enforcement Actions Against Jurisdictions That Facilitate Violations of Federal Immigration Laws or Impede Lawful Federal Immigration Operations

Actions that impede federal efforts to enforce immigration law threaten public safety and national security. State and local jurisdictions must comply with applicable immigration-related federal laws. State and local actors may not impede, obstruct, or otherwise fail to comply with lawful immigration-related directives pursuant to the President's Article II authority to ensure national security, the Immigration and Nationality Act, or other authorities.

All litigating components of the Department of Justice and each U.S. Attorney's Office shall investigate incidents involving any such misconduct and shall, where supported by the evidence, prosecute violations of federal laws such as 18 U.S.C. § 371 and 8 U.S.C. §§ 1324 and 1373. All declination decisions with respect to any effort to obstruct or fail to comply with a lawful immigration-related directive from the Executive Branch shall be promptly reported pursuant to Justice Manual § 1-13.130.

The Civil Division shall, in coordination with the Sanctuary Cities Enforcement Working Group, identify state and local laws, policies, and practices that facilitate violations of federal immigration laws or impede lawful federal immigration operations. Where appropriate, the Civil Division shall take legal action to challenge such laws, policies, or practices. Attorneys tasked to the Sanctuary Cities Enforcement Working Group shall regularly report to the Associate Attorney General and the Deputy Attorney General their progress regarding the review of state and local laws, policies, and practices, and shall promptly report any decisions not to pursue enforcement actions against state and local jurisdictions found to be facilitating violations of federal immigration laws or impeding lawful federal immigration operations.