IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| City of Chelsea, *et al.*,<br><br>                Plaintiffs,<br>v.<br><br>Donald J. Trump, *et al.*,<br><br>                Defendants. | Case No. 1:25-cv-10442-NMG<br>Judge Nathaniel M. Gorton |

**IMMIGRATION LAW REFORM INSTITUTE'S UNOPPOSED MOTION FOR LEAVE TO FILE AN AMICUS BRIEF IN SUPPORT OF THE DEFENDANTS**

Rohan J. Samaraweera (BBO #439900)
SAMARAWEERA LAW OFFICES
382 Hammond Street
Suite 200
Boston, MA 02467-1229
(617) 731-1985
Fax: (617) 731-1986
Email: Samaraweera-Law@comcast.net

Jonathon P. Hauenschild*
IMMIGRATION REFORM LAW
INSTITUTE
25 Massachusetts Ave., NW
Suite 335
Washington, DC 20001
(202) 232-5590
jhauenschild@irli.org

* *Pro hac vice* appearance pending

Attorneys for *Amicus Curiae*
Immigration Law Reform Institute

The Immigration Law Reform Institute ("IRLI"), by and through undersigned counsel, respectfully moves this Court pursuant to Fed. R. Civ. P. 7 for leave to file an *amicus curiae* brief in the above-captioned matter in support of Defendants and in opposition to Plaintiffs' Motion for Preliminary Injunction. IRLI's proposed *amicus* brief is attached to this motion. Counsel for *amicus* has conferred with counsels for all parties. Plaintiffs have indicated that they do not oppose this Motion and the Defendants have consented. In furtherance of this motion, *amicus* IRLI states as follows:

1. IRLI is a nonprofit 501(c)(3) public interest law firm dedicated both to litigating immigration-related cases in the interests of United States citizens and to assisting courts in understanding federal immigration law. IRLI has litigated or filed *amicus curiae* briefs in a wide variety of immigration-related cases. For more than twenty years the Board of Immigration Appeals has solicited supplementary briefing, drafted by IRLI staff, from the Federation for American Immigration Reform, of which IRLI is a supporting organization.

2. "'The extent, if any, to which an *amicus curiae* should be permitted to participate in a pending action is solely within the broad discretion of the district court.'" *Sierra Club v. Fed. Emergency Mgmt. Agency*, 2007 U.S. Dist. LEXIS 84230, at *2 (S.D. Tex. Nov. 14, 2007) (quoting *Waste Mgmt. of Pa., Inc. v. City of York*, 162 F.R.D. 34, 36 (M.D. Pa. 1995)). Unlike the corresponding appellate rules, the federal and local rules applicable here do not specifically address *amicus* briefs. Nonetheless, the appellate rules' criteria for granting leave to file *amicus* briefs can be looked to in support of IRLI's motion. The Advisory Committee Note to the 1998 amendments to Rule 29

1

explains that "[t]he amended rule … requires that the motion state the relevance of the matters asserted to the disposition of the case" as "ordinarily the most compelling reason for granting leave to file." FED. R. APP. P. 29, Advisory Committee Notes, 1998 Amendment. As then-Judge Samuel Alito wrote for the Third Circuit, "I think that our court would be well advised to grant motions for leave to file amicus briefs unless it is obvious that the proposed briefs do not meet Rule 29's criteria as broadly interpreted. I believe that this is consistent with the predominant practice in the courts of appeals." *Neonatology Assocs., P.A. v. Comm'r*, 293 F.3d 128, 133 (3d Cir. 2002) (citing Michael E. Tigar and Jane B. Tigar, FEDERAL APPEALS—JURISDICTION AND PRACTICE 181 (3d ed. 1999) and Robert L. Stern, APPELLATE PRACTICE IN THE UNITED STATES 306, 307-08 (2d ed. 1989)). Then-Judge Alito quoted the Tigar treatise favorably for the statement that "[e]ven when the other side refuses to consent to an amicus filing, most courts of appeals freely grant leave to file, provided the brief is timely and well-reasoned." 293 F.3d at 133.

    3.    IRLI's proffered brief will bring the following relevant matters to the Court's attention:

- Plaintiffs seek a preliminary injunction to protect local policies that, because they violate the Supremacy Clause, are unlawful.

- Neither the discontinuation of unlawful policies nor the loss of funding contingent on the continuation of unlawful policies is a cognizable injury for standing purposes, and neither harm can constitute irreparable harm, which must be shown to obtain injunctive relief.

4. Because these issues are relevant to this Court's decision on Plaintiffs' motions for injunctive relief, IRLI's brief may aid the Court.

For the foregoing reasons, IRLI respectfully requests that the Court grant this Motion for Leave to file the accompanying brief as *amicus curiae*.

Dated: June 20, 2025                Respectfully submitted,

s/ Rohan J. Samaraweera
Rohan J. Samaraweera (BBO #439900)
SAMARAWEERA LAW OFFICES
382 Hammond Street
Suite 200
Boston, MA 02467-1229
(617) 731-1985
Fax: (617) 731-1986
Email: Samaraweera-Law@comcast.net

Jonathon P. Hauenschild*
IMMIGRATION REFORM LAW INSTITUTE
25 Massachusetts Ave., NW
Suite 335
Washington, DC 20001
(202) 232-5590
jhauenschild@irli.org

* *Pro hac vice* appearance pending

Attorneys for *Amicus Curiae*
Immigration Law Reform Institute

## CERTIFICATE OF CONFERRAL

I hereby certify that Counsel for the Amicus has conferred with the parties about the relief sought in this motion. The Defendants have indicated that they consent to this motion. Plaintiffs have indicated that they do not oppose it.

Dated June 20, 2025

/s/ Rohan J. Samaraweera
Rohan J. Samaraweera

Attorney for *Amicus Curiae*
Immigration Law Reform Institute

**CERTIFICATION OF SERVICE**

I hereby certify that on June 20, 2025, a true copy of the above document, filed through the CM/ECF system, will be sent electronically to the registered participants of record as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants.

/s/ Rohan J. Samaraweera
Rohan J. Samaraweera

Attorney for *Amicus Curiae*
Immigration Law Reform Institute