IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CITY OF CHELSEA and CITY OF SOMERVILLE, <br><br> *Plaintiffs*, <br><br> v. <br><br> DONALD TRUMP, *et al.*, <br><br> *Defendants*. | Civil Action No. 1:25-cv-10442-NMG |

**DEFENDANTS' NOTICE THAT A PRELIMINARY INJUNCTION
BARRING ENFORCEMENT OF THE CHALLENGED
DEPARTMENT OF TRANSPORTATION CONDITION IS IN EFFECT**

Defendants respectfully advise the Court that a preliminary injunction was entered in *State of California v. Department of Transportation* ("*California*"), 1:25-cv-208-JJM (D.R.I. June 19, 2025) (attached hereto as Exhibit A and available at 2025 WL 1711531). The *California* action was initiated by twenty states, including Massachusetts, to prevent the Department of Transportation ("DOT") from requiring grant recipients to "cooperate with Federal officials in the enforcement of Federal law, including cooperating with and not impeding U.S. Immigration and Customs Enforcement (ICE) and other Federal offices and components of the Department of Homeland Security in and the enforcement of Federal immigration law." *California*, Prelim. Inj. Order at 2 n.1 (ECF No. 57). Here, Plaintiffs challenge identical language incorporated in Article 24.2(a) of the general terms and conditions of the Safe Streets and Roads for All ("SS4A") grant program. *See* ECF No. 10-7 at 25.[1]

---

[1] Defendants also point out that, contrary to Plaintiffs' assertion, *see* Pls.' Reply Br. at 11, 23 U.S.C. § 402 Note (Safe Streets and Roads for All Grant Program § (d)(3)) does exist as a

The *California* Court granted the requested preliminary injunction, prohibiting Defendants from taking adverse action against the plaintiff "States and their governmental subdivisions" based on the immigration enforcement condition. *See id.* at 9. Accordingly, DOT is not presently enforcing the condition challenged here against the Plaintiff cities in this action, and Plaintiffs cannot establish imminent and certain irreparable harm necessary for preliminary relief in this case. *See Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). District courts in comparable circumstances have exercised their discretion to stay or deny motions for preliminary injunctive relief because other courts had already enjoined the conduct, removing any imminent threat of irreparable injury. *See, e.g.*, *California v. Trump*, 963 F.3d 926, 949 (9th Cir. 2020) (affirming denial of the States' request for a permanent injunction "because the relief sought was duplicative of the relief the district court had already granted in [another] matter"); *Washington v. Trump*, No. C17-0141JLR, 2017 WL 1050354, at *4–5 (W.D. Wash. Mar. 17, 2017) ("The stay on Plaintiffs' TRO motion will remain in place so long as the nationwide TRO or a preliminary injunction of identical scope remains in place in *Hawai'i v. Trump*"). Defendants will be prepared to address the impact of this case on the present motion at oral argument.

Dated: July 9, 2025

Respectfully submitted,

BRETT A. SHUMATE
*Assistant Attorney General, Civil Division*

YAAKOV M. ROTH
*Principal Deputy Assistant Attorney General*

---

source of authority for DOT; it is codified as a statutory note and was enacted as part of the Infrastructure Investment and Jobs Act, Pub. L. No. 117-58, div. B, tit. IV, § 24112, 135 Stat. 429, 815 (2021). *See* Ex. B.

ANDREW I. WARDEN
JOSEPH E. BORSON
*Assistant Branch Directors*

/s/  *Elisabeth J. Neylan*
Elisabeth J. Neylan
N.Y. Bar Reg. No.: 6125736
*Trial Attorney*
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20530
Telephone: (202) 616-3519
Email: elisabeth.j.neylan@usdoj.gov

*Counsel for Defendants*