UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CITY OF CHELSEA and CITY OF SOMERVILLE,<br><br>*Plaintiffs*,<br><br>v.<br><br>DONALD J. TRUMP, President of the United States, PAMELA J. BONDI, Attorney General of the United States, UNITED STATES DEPARTMENT OF JUSTICE, KRISTI L. NOEM, Secretary of the United States Department of Homeland Security, UNITED STATES DEPARTMENT OF HOMELAND SECURITY, SEAN P. DUFFY, Secretary of the United States Department of Transportation, UNITED STATES DEPARTMENT OF TRANSPORTATION, SCOTT TURNER, Secretary of the United States Department of Housing and Urban Development, UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, and UNITED STATES OF AMERICA,<br><br>*Defendants*. | Case No. 1:25-cv-10442 NMG |

**PLAINTIFFS' SECOND NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**

Plaintiffs hereby provide further supplemental authority in support of Plaintiffs' pending Motion for Preliminary Injunction (the "Motion").

1.   On July 25, 2025, the United States District Court for the Northern District of Illinois decided *United States v. Illinois, et al.*, No. 25-cv-1285, 2025 WL 2098688 (N.D. Ill. July 25, 2025), dismissing the United States' complaint in its entirety. The complaint was one of the

first civil actions filed by the Department of Justice during the second Trump Administration attempting to invalidate various jurisdictions' sanctuary policies, as discussed in the Motion. See ECF No. 12-1 at 10 & n.6.

2.    In holding that the Immigration and Nationality Act ("INA"), namely 8 U.S.C. §§ 1373 and 1644, did not preempt the jurisdictions' sanctuary policies, the district court concluded, *inter alia*, that "the Sanctuary Policies reflect Defendants' decision to not participate in enforcing civil immigration law—a decision protected by the Tenth Amendment . . . ." *Illinois*, 2025 WL 2098688, at *27. In so doing, the district court noted that "anticommandeering is a bulwark against abuse of government power," *id.* at *8, and explained that "[t]he Federal Government may not compel the States to enact or administer a federal regulatory program," *id.* (quoting *New York v. United States*, 505 U.S. 144, 188 (1992)). The district court's analysis and holding on these issues support the arguments made on pages 21 through 23 of Plaintiffs' Memorandum of Law in Support of Plaintiffs' Motion, ECF No. 12-1, as well as on pages 13 through 14 of the Plaintiffs' Reply Memorandum of Law in Support of Plaintiffs' Motion, ECF No. 27.

Respectfully submitted,

/s/ Oren Sellstrom
Iván Espinoza-Madrigal (BBO# 708080)
Oren Sellstrom (BBO# 569045)
Mirian Albert (BBO# 710093)
LAWYERS FOR CIVIL RIGHTS
61 Batterymarch Street, Fifth Floor
Boston, MA 02110
Tel: (617) 482-1145
iespinoza@lawyersforcivilrights.org
osellstrom@lawyersforcivilrights.org
malbert@lawyersforcivilrights.org

*Attorneys for Plaintiffs City of Chelsea and City of Somerville*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 29, 2025, I electronically filed the foregoing with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

*/s/ Oren Sellstrom*
Oren Sellstrom