**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| CITY OF CHELSEA and CITY OF SOMERVILLE, <br><br>        *Plaintiffs*, <br><br> *v.* <br><br> DONALD TRUMP, *et al.*, <br><br><br>        *Defendants*. | Civil Action No. 1:25-cv-10442-NMG |

**DEFENDANTS' RESPONSE TO PLAINTIFFS'
<u>NOTICE OF SUPPLEMENTAL AUTHORITY</u>**

  Defendants respond briefly to Plaintiffs' Notice of Supplemental Authority (ECF No. 33) advising the Court that the U.S. District Court for Northern District of Illinois dismissed the United States' complaint in *United States v. Illinois*, 2025 WL 2098688 (N.D. Ill. July 25, 2025). Contrary to Plaintiffs' assertion, that opinion does not bolster Plaintiffs' arguments. In *Illinois*, the district court rejected the United States' allegation that certain policies of Illinois and its localities—the Sanctuary Policies—were preempted by federal immigration law. In the court's view, "the Sanctuary Policies reflect Defendants' decision to not participate in enforcing civil immigration law—a decision protected by the Tenth Amendment and not preempted by the [Immigration and Nationality Act]." *Id.* at *27. The court's decision rested on its understanding that "[e]xtending conflict or obstacle preemption to [the Sanctuary Policies] would, in effect, 'dictate what a state legislature may and may not do.'" *Id.* at *23 (citation omitted). The court was also concerned that invalidating the Sanctuary Policies based on intergovernmental immunity would amount to direct regulation of the states. *Id.* at *27.

The Government respectfully disagrees with the court's conclusions. But even on its own terms, that opinion does not help Plaintiffs. Here, the Federal Government's decision to impose conditions on certain federal funds, which Plaintiffs are free to refuse, does not implicate the court's concern in *Illinois* about direct regulation of the states. *See Agency for Int'l Dev. v. All. for Open Soc'y Int'l, Inc.*, 570 U.S. 205, 214 (2013) ("*AID*") ("As a general matter, if a party objects to a condition on the receipt of federal funding, its recourse is to decline the funds."). As explained in Defendants' opposition to Plaintiffs' motion for a preliminary injunction, ECF No. 19 at 27–29, the Supreme Court has made clear that even where the Federal Government may not be able to *compel* them to do a particular activity, it may *encourage* States and municipalities to implement federal regulatory programs. *See New York v. United States*, 505 U.S. 144, 149 (1992). Thus, the Federal Government can, constitutionally, use conditions on federal funds to "induce the States to adopt policies that the Federal Government itself could not impose." *Nat'l Fed'n of Indep. Bus. v. Sebelius*, 567 U.S. 519, 537 (2012) ("*NFIB*"); *South Dakota v. Dole*, 483 U.S. 203, 205–08 (1987) (upholding federal statute conditioning state receipt of federal highway funds on state adoption of minimum drinking age of twenty-one); *Biden v. Missouri*, 595 U.S. 87, 90, 94 (2022) (per curiam) (upholding an agency-imposed condition on participation in Medicare and Medicaid). For those reasons, Plaintiffs' reliance on *Illinois* is misplaced.[1]

Dated: July 31, 2025

Respectfully submitted,

BRETT A. SHUMATE
*Assistant Attorney General, Civil Division*

YAAKOV M. ROTH

---

[1] Plaintiffs also filed a Notice of Supplemental Authority regarding *Am. Pub. Health Ass'n v. Nat'l Institutes of Health*, 2025 WL 2017106 (1st Cir. July 18, 2025) (ECF No. 32). That case is distinguishable: at issue there were grant terminations that had already taken place, not an ongoing evaluation process conducted on a grant-by-grant basis to decide whether new conditions could be incorporated into grants prospectively. In any event, the Government has moved for a stay in the Supreme Court, and that application remains pending. *See Nat'l Institutes of Health v. Am. Pub. Health Ass'n*, 25A103.

*Principal Deputy Assistant Attorney General*

ANDREW I. WARDEN
JOSEPH E. BORSON
*Assistant Branch Directors*

/s/  *Elisabeth J. Neylan*
Elisabeth J. Neylan
N.Y. Bar Reg. No.: 6125736
*Trial Attorney*
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20530
Telephone: (202) 616-3519
Email: elisabeth.j.neylan@usdoj.gov

*Counsel for Defendants*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on July 31 2025, the foregoing pleading was filed electronically through the CM/ECF system, which causes all parties or counsel to be served by electronic means as more fully reflected on the Notice of Electronic Filing.

<u>*/s/ Elisabeth J. Neylan*</u>
Elisabeth J. Neylan
Trial Attorney
United States Department of Justice