UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CITY OF CHELSEA and<br>CITY OF SOMERVILLE,<br><br>   *Plaintiffs*,<br><br>                v.<br><br>DONALD J. TRUMP, President of the United States, PAMELA J. BONDI, Attorney General of the United States, UNITED STATES DEPARTMENT OF JUSTICE, KRISTI L. NOEM, Secretary of the United States Department of Homeland Security, UNITED STATES DEPARTMENT OF HOMELAND SECURITY, SEAN P. DUFFY, Secretary of the United States Department of Transportation, UNITED STATES DEPARTMENT OF TRANSPORTATION, SCOTT TURNER, Secretary of the United States Department of Housing and Urban Development, UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, and UNITED STATES OF AMERICA,<br><br>   *Defendants*. | Case No. 1:25-cv-10442<br><br>**PLAINTIFFS' NOTICE REGARDING IMPOSITION OF IMMIGRATION-RELATED CONDITIONS ON FUNDING BY UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT AND DECLARATION OF SOMERVILLE DIRECTOR OF FINANCE AND COMMUNITY DEVELOPMENT ALAN INACIO IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION AND THIRD NOTICE OF SUPPLEMENTAL AUTHORITY** |

Plaintiffs file this Notice to advise the Court of factual developments relevant to Plaintiffs' pending Motion for Preliminary Injunction that have occurred since briefing on the Motion concluded, as well to provide further supplemental authority to the Court.

Specifically, the United States Department of Housing and Urban Development ("HUD") has recently begun imposing requirements on grant applicants to certify compliance with

1

Executive Order 14,218 (the "Subsidization Executive Order"), one of the Executive Orders challenged in this action.

As described in the attached Declaration of Somerville's Director of Finance and Community Development Alan Inacio ("Inacio Decl.," attached as Exhibit A), each year HUD makes funds available to local and state jurisdictions through the Community Development Block Grant (CDBG), HOME Investment Partnerships (HOME), and Emergency Solutions Grants (ESG) programs. *See* Inacio Decl. ¶¶ 4-5. These grants are "formula funded," meaning that HUD informs jurisdictions each year how much funding they will receive, based on a predetermined formula. *Id*. For 2025-2026, Somerville's allocation for these three programs combined is $3,214,185. *Id*. ¶ 8. CDBG, HOME, and ESG grants proceed on the same funding cycle; this year's application deadline is August 15, 2025. *Id*. ¶ 5. Accordingly, Somerville formally submitted its application for these funds this week. *Id*. ¶ 8.

For jurisdictions that submit an application, HUD is for the first time requiring a subsequent attestation that includes language targeting sanctuary jurisdictions (the "HUD Immigration Certification"). *See id*. ¶¶ 10-12, Ex. 1. This attestation references the Subsidization Executive Order, *see* Ex. 1 at 1, and, borrowing language from subsection 2(a)(ii) of that order, requires jurisdictions to certify that they "will not use funding under this grant in a manner that by design or effect facilitates the subsidization or promotion of illegal immigration or abets policies that seek to shield illegal aliens from deportation." *Id.* at 3. Plaintiffs have been informed by their counterparts in neighboring cities that shortly after they submitted their completed applications,

2

HUD required them to complete the HUD Immigration Certification, in some cases mandating that the attestation be made within days. Inacio Decl. ¶ 13.[1]

Somerville plans to use the $3,214,185 in HUD funding for a wide range of services and activities to benefit the City's low- and moderate-income residents, including construction of affordable housing, addition of emergency shelter beds, and expansion of homelessness prevention services. *Id*. ¶¶ 8-9. In the statutes authorizing CDBG, HOME, and ESG, Congress has set forth the purposes of the programs—namely, to assist low- and moderate-income individuals through housing and community development. *See* 42 U.S.C. §§ 5301 *et seq*. (CDBG); 42 U.S.C. §§ 12721 *et seq*. (HOME); 42 U.S.C. §§ 11371 *et seq*. (ESG). None of these purposes is related to immigration enforcement, and Congress has not included anywhere in the authorizing statutes the conditions that HUD is now requiring in the HUD Immigration Certification.[2]

These developments represent the latest manifestation of Defendants' continuing efforts to coerce sanctuary jurisdictions into abandoning their policies—a campaign that, as Plaintiffs have demonstrated, violates multiple Constitutional and statutory provisions. *See* Motion, ECF No. 12-1 at 13, 33-34; Reply Br., ECF No. 27 at 4. These developments also underscore the imminence and irreparability of harm faced by Plaintiffs. *See* Inacio Decl. ¶¶ 16-19 (describing disruption of services, harm to multi-year contracts, and staff layoffs that would be necessitated by loss of funds).

---

[1] The attestation also includes language requiring compliance with Executive Orders barring certain Diversity, Equity, and Inclusion (DEI) efforts. Those Executive Orders are not challenged in this action.

[2] A bill has been introduced to prohibit sanctuary jurisdictions from receiving CDBG funds. *See* H.R. 3987, 119th Congress, 2025-2026, *available at* https://www.congress.gov/bill/119th-congress/house-bill/3987/text?s=1&r=1. Notably, however, it has not been enacted. *See Providence v. Barr*, 954 F.3d 23, 29 (1st Cir. 2020) (highlighting similar unenacted legislation, in affirming district court determination that Congress did not authorize immigration enforcement conditions in the Byrne-JAG formula grant program).

Finally, Plaintiffs give notice of the following supplemental authority issued earlier this week in *King County, et al. v. Turner, et al.*, 2025 WL 2322763 (W.D. Wash. Aug. 12, 2025). This order is the third preliminary injunction ordered in a case from the Western District of Washington that Plaintiffs have previously cited. *See* Reply Br. at 2, 9, 11, 17, 18. While the order largely focuses on DEI conditions that HUD and other agencies are attempting to attach to federal grants, the conditions that the Court enjoined include the immigration enforcement conditions at issue in this case, *see King County*, 2025 WL at *6-7, *18, *21-22, and much of the legal analysis mirrors the issues presented in this matter. *See id.* at *10-13, *15-17. However, relief is limited to the particular jurisdictions that are the plaintiffs in that case and therefore does not provide protection to Plaintiffs here. *See id.* at *17-18, *20.

Respectfully submitted,

*Oren Sellstrom*
Iván Espinoza-Madrigal (BBO# 708080)
Oren Sellstrom (BBO# 569045)
Mirian Albert (BBO# 710093)
LAWYERS FOR CIVIL RIGHTS
61 Batterymarch Street, Fifth Floor
Boston, MA 02110
Tel: (617) 482-1145
iespinoza@lawyersforcivilrights.org
osellstrom@lawyersforcivilrights.org
malbert@lawyersforcivilrights.org

*Attorneys for Plaintiffs City of Chelsea and City of Somerville*

**CERTIFICATE OF SERVICE**

      I hereby certify that on August 15, 2025, I electronically filed the foregoing with the Clerk of Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

                                              */s/ Oren Sellstrom*
                                              Oren Sellstrom