IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CITY OF CHELSEA and CITY OF SOMERVILLE, <br><br> *Plaintiffs*, <br><br> v. <br><br> DONALD TRUMP, *et al.*, <br><br> *Defendants*. | Civil Action No. 1:25-cv-10442-NMG |

## DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY

Defendants respectfully submit this notice to advise the Court of the Supreme Court's August 21, 2025 opinion in *Nat'l Insts. of Health v. Am. Pub. Health Ass'n*, 2025 WL 2415669 (U.S. Aug. 21, 2025) ("*NIH*"). In *NIH*, the Supreme Court reinforced its April 4, 2025 decision in *Dep't of Educ. v. California*, 145 S. Ct. 966 (2025), which granted the Government's application to stay a district court order enjoining the Government from terminating various grants. As explained in Defendants' opposition to Plaintiffs' motion for a preliminary injunction, ECF No. 19 at 21, the Court in *California* stated that "the [Administrative Procedure Act]'s limited waiver of immunity does not extend to orders "to enforce a contractual obligation to pay money." *California*, 145 S.Ct. at 968. Rather, claims based on "any express or implied contract with the United States" belong in the Court of Federal Claims. *Id.*

In *NIH*, the Supreme Court again stayed a district court's judgment vacating the Government's termination of grants, reiterating its view that the APA's limited waiver of sovereign immunity does not grant district courts jurisdiction "to order relief designed to enforce any 'obligation to pay money'" pursuant to the grants. *NIH*, 2025 WL 2415669, at *1. Thus, to the extent Plaintiffs

1

are seeking to enforce an obligation to pay money pursuant to the grants at issue in this case, this Court lacks jurisdiction over those claims as well.

Justice Kavanaugh concurred. He highlighted that plaintiffs were unlikely to succeed on the merits of their arbitrary and capricious challenge to related agency guidance. In *NIH*, as here, plaintiffs challenged agency guidance documents for their failure to define relevant terms—there, "DEI," here, "sanctuary jurisdictions." *See* ECF No. 12-1 at 25. But "there is no APA rule that agencies define every term in every internal guidance document, particularly when that guidance steers highly discretionary decisions over how to allocate limited agency resources." *NIH*, 2025 WL 2415669, at *5 (Kavanaugh, J., concurring in part) (citing the Government's application to the Supreme Court); *see also id.* ("Respondents ignore case law holding that grant criteria need not define terms with exacting precision.").

Justice Kavanaugh further opined that plaintiffs in *NIH* were unlikely to succeed on the merits of their challenge to the relevant guidance because that guidance described the Administration's general priorities on funding "and instructed implementation on a grant-by-grant basis." *Id.*; *see also Trump v. Am. Fed'n of Gov't Emps.*, 145 S. Ct. 2635 (July 8, 2025) (staying a district court order enjoining implementation of an Executive Order and related memorandum because the Executive Order directed implementation "consistent with applicable law," and those plans were not yet before the Court). For the same reasons and those explained in Defendants' opposition to Plaintiffs' motion for a preliminary injunction, ECF No. 19, and at oral argument, Plaintiffs' challenges to the Executive Orders and agency guidance documents at issue in this case should likewise fail.

Finally, the *NIH* Court further emphasized that in such cases, the harms weigh in favor of the Government: although monetary loss is typically not considered irreparable harm, "that changes if the funds 'cannot be recouped' and are thus 'irrevocably expended.'" *NIH*, 2025 WL 2415669, at *1. Since plaintiffs in *NIH* did not state that they will repay grant money if the Government ultimately

2

prevails, the Government faced such harm. *Id.*; *see also id.* at *6 (Kavanaugh, J., concurring in part) ("[T]he harms and equities are weighty on both sides. But in my view, they tilt toward the Government because plaintiffs have not represented that they would return the grant money if the Government were to ultimately prevail in the merits litigation."). So too here.[1]

Dated: August 22, 2025

                                                  Respectfully submitted,

                                                  BRETT A. SHUMATE
                                                  *Assistant Attorney General, Civil Division*

                                                  YAAKOV M. ROTH
                                                  *Principal Deputy Assistant Attorney General*

                                                  ANDREW I. WARDEN
                                                  JOSEPH E. BORSON
                                                  *Assistant Branch Directors*

                                                  /s/  *Elisabeth J. Neylan*
                                                  Elisabeth J. Neylan
                                                  N.Y. Bar Reg. No.: 6125736
                                                  *Trial Attorney*
                                                  U.S. Department of Justice
                                                  Civil Division, Federal Programs Branch
                                                  1100 L Street, NW
                                                  Washington, DC 20530
                                                  Telephone: (202) 616-3519
                                                  Email: elisabeth.j.neylan@usdoj.gov

                                                  *Counsel for Defendants*

---

[1] Defendants also note that Plaintiffs had inferred based on their inclusion on a list of sanctuary jurisdictions published by the Department of Homeland Security that "their federal funds [we]re under direct and imminent attack," ECF No. 12-1 at 13. But, as Plaintiffs acknowledged, that list was taken down shortly after it was published. *Id.* at 11 n.8. And the current version of the list does not name Somerville or Chelsea. *See* Press Release, Justice Department Publishes List of Sanctuary Jurisdictions (Aug. 5, 2025), https://www.justice.gov/opa/pr/justice-department-publishes-list-sanctuary-jurisdictions.

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 22, 2025, the foregoing pleading was filed electronically through the CM/ECF system, which causes all parties or counsel to be served by electronic means as more fully reflected on the Notice of Electronic Filing.

                                                               */s/ Elisabeth J. Neylan*
                                                               Elisabeth J. Neylan
                                                               Trial Attorney
                                                               United States Department of Justice