UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CITY OF CHELSEA and CITY OF SOMERVILLE,<br><br>*Plaintiffs*,<br><br>v.<br><br>DONALD J. TRUMP, President of the United States, PAMELA J. BONDI, Attorney General of the United States, UNITED STATES DEPARTMENT OF JUSTICE, KRISTI L. NOEM, Secretary of the United States Department of Homeland Security, UNITED STATES DEPARTMENT OF HOMELAND SECURITY, SEAN P. DUFFY, Secretary of the United States Department of Transportation, UNITED STATES DEPARTMENT OF TRANSPORTATION, SCOTT TURNER, Secretary of the United States Department of Housing and Urban Development, UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, and UNITED STATES OF AMERICA,<br><br>*Defendants*. | Case No. 1:25-cv-10442<br><br>**PLAINTIFFS' SUPPLEMENTAL NOTICE REGARDING IMPOSITION OF IMMIGRATION-RELATED CONDITIONS ON FUNDING BY UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT; SUPPLEMENTAL DECLARATION OF SOMERVILLE DIRECTOR OF FINANCE AND COMMUNITY DEVELOPMENT ALAN INACIO; AND FOURTH NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION** |

Plaintiffs file this Notice to advise the Court of key developments relevant to Plaintiffs' pending Motion for Preliminary Injunction (the "Motion") that have occurred since briefing on the Motion concluded, as well to provide further supplemental authority to the Court.

**I.    HUD's Unlawful Imposition of Funding Conditions on Somerville.**

In a previous supplemental filing, ECF No. 37, Plaintiffs advised the Court that the United States Department of Housing and Urban Development ("HUD") had begun requiring grant

1

applicants for the Community Development Block Grant (CDBG), HOME Investment Partnerships (HOME), and Emergency Solutions Grants (ESG) formula-funded programs to certify compliance with Executive Order 14,218 (the "Subsidization Executive Order"), one of the Executive Orders challenged in this action.  At the time of that prior filing, HUD had not yet imposed those requirements on Somerville, because Somerville had just recently submitted its grant applications to HUD, and HUD had not yet sent grant documents for execution.  See ECF No. 37, Ex. A.

As of this week, HUD is now explicitly conditioning Somerville's receipt of CDBG, HOME, and ESG funds—in excess of $3.2 million—on these conditions.  As described in the Supplemental Declaration of Somerville's Director of Finance and Community Development Alan Inacio ("Supp. Inacio Decl.," attached as Exhibit A hereto), on September 23, 2025, HUD notified Somerville that in order to receive its allocation of CDBG, HOME, and ESG funds, Somerville is required to sign grant agreements (one for each program) that state in key addenda, *inter alia*, that "No state or unit of general local government that receives funding under this grant may use that funding in a manner that by design or effect facilitates the subsidization of promotion of illegal immigration or shields illegal aliens from deportation, including by maintaining policies or practices that materially impede enforcement of federal immigration statutes and regulations." Supp. Inacio Decl. ¶ 5.  HUD states that it will not release the allocated funds to Somerville until the grant agreements are signed.  *Id*. ¶ 7.

As described in Plaintiffs' prior filing on this issue, Somerville plans to use the $3,214,185 in HUD formula funding for a range of services and activities to benefit the City's low- and moderate-income residents, including construction of affordable housing, addition of emergency shelter beds, and expansion of homelessness prevention services.  ECF No. 37.  Congress has not

2

included anywhere in the authorizing statutes for these programs the immigration conditions that HUD is now requiring. *See* 42 U.S.C. § 5301 *et seq*. (CDBG); 42 U.S.C. § 12721 *et seq*. (HOME); 42 U.S.C. § 11371 *et seq*. (ESG). For the same reasons that the First Circuit has held that similar requirements were unlawful in the formula funding program at issue in *Providence v. Barr*, 954 F.3d 23 (1st Cir. 2020), and for all of the additional reasons set forth in Plaintiffs' briefing, Plaintiffs respectfully request that this Court preliminarily enjoin Defendants from imposing the aforementioned conditions on Somerville's pending HUD grants, as well as grant the other relief that Plaintiffs request in their Motion.

II.     **Plaintiffs' Notice of Supplemental Authorities**

Plaintiffs also give notice of two supplemental authorities, both issued earlier this week.

In *City of Fresno, et al. v. Turner, et al.*, the U.S. District Court for the Northern District of California granted a preliminary injunction to a coalition of local government entities that challenged grant conditions imposed by HUD, the U.S. Department of Transportation, and other federal agencies, including the immigration-related conditions at issue in this litigation. 2025 WL 2721390, at *1 (N.D. Cal. Sept. 23, 2025). The opinion addresses a number of issues relevant to Plaintiffs' pending Motion here, including jurisdiction under the APA, *see id*. at *5-*6; reviewability under the APA, *see id*. at *6-*7; unlawfulness under the APA, *see id*. at *7-*16, *18; and irreparable harm and balance of equities, *see id.* at *19.

Additionally, in *Illinois, et al. v. Federal Emergency Management Agency, et al*., the U.S. District Court for the District of Rhode Island granted summary judgment to a coalition of States that challenged sanctuary jurisdiction conditions on FEMA grants. 2025 WL 2716277, at *16 (D.R.I. Sept. 24, 2025). The opinion addresses a number of issues relevant to Plaintiffs' pending Motion here, including ripeness, *see id*. at *7-*9; jurisdiction under the APA, *see id*. at *9-*10;

unlawfulness under the APA, *see id.* at *11-*12; and unconstitutionality under the Spending Clause, *see id.* at *13-*14.

The *City of Fresno* order limits relief to the plaintiffs in that litigation. 2025 WL 2721390, at *20. Similarly, the *Illinois* order vacates the contested conditions under the APA but limits injunctive relief to the plaintiff States. 2025 WL2716277, at *15. Accordingly, while these rulings serve as key persuasive authority for this Court in their factual similarities, they do not provide the protection to Plaintiffs that the Motion requests of this Court.

Respectfully submitted,

*/s/ Oren Sellstrom*
Iván Espinoza-Madrigal (BBO# 708080)
Oren Sellstrom (BBO# 569045)
Mirian Albert (BBO# 710093)
LAWYERS FOR CIVIL RIGHTS
61 Batterymarch Street, Fifth Floor
Boston, MA 02110
Tel: (617) 482-1145
iespinoza@lawyersforcivilrights.org
osellstrom@lawyersforcivilrights.org
malbert@lawyersforcivilrights.org

*Attorneys for Plaintiffs City of Chelsea and City of Somerville*

## CERTIFICATE OF SERVICE

I hereby certify that on September 25, 2025, I electronically filed the foregoing with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

*/s/ Oren Sellstrom*
Oren Sellstrom